1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JEREMY P. PUCKETT,                    No. CIV S-06-1200-FCD-CMK-P

12              Petitioner,

13        vs.                              FINDINGS AND RECOMMENDATIONS

14   T. FELKER, et al.,

15              Respondents.

16   _____/

17              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion for

19   an evidentiary hearing (Doc. 38), filed on March 26, 2007.  Respondents have filed an

20   opposition and petitioner has filed a reply.

21              An evidentiary hearing is required if:  (1) the petitioner's allegations would, if

22   true, entitle the petitioner to relief; and (2) the state court has not, after a full and fair hearing,

23   reliably found the facts.  See Jones v. Wood, 114 F.3d 1002, 1010 (9th Cir. 1997).  Otherwise,

24   whether to hold an evidentiary hearing is within the discretion of the court.  See Townsend v.

25   Smith, 372 U.S. 293, 313, 318 (1963).  An evidentiary hearing is not appropriate where there are

26   no disputed material facts or where the claims present purely legal questions.  See Harris v.

                                        1

1   Pulley, 885 F.2d 1354, 1378 (9th Cir. 1988).

2          A petitioner is not entitled to an evidentiary hearing where he was at fault for

3   failing to develop the record in state court, unless one of the exceptions outlined in 28 U.S.C.

4   § 2254(e)(2) is met.  Thus, a petitioner must demonstrate due diligence with respect to

5   developing the factual record in state court.  "Diligence . . . depends upon whether the prisoner

6   made a reasonable attempt, in light of the information available at the time, to investigate and

7   pursue claims in state court."  See Williams v. Taylor, 529 U.S. 420, 435, 437 (2000).  To

8   demonstrate diligence a petitioner must, at a minimum, seek an evidentiary hearing in state

9   court.  See id. Whether the petitioner has been diligent is a question of fact for the district court

10  that cannot be disturbed unless clearly erroneous.  See Gandarela v. Johnson, 286 F.3d 1080,

11  1087 (9th Cir. 2002).

12         Petitioner argues that an evidentiary hearing is warranted based on four items of

13  evidence.  Specifically, petitioner describes this evidence as follows:

14         1.      There was prosecution misconduct in her opening
       statements, when the prosecutor mentioned the unfortunate death of
15     Angela Dvorsky and purposely describing what happened to Dvorsky in
       detail, insinuating petitioner was responsible for this death. (emphasis in
16     original).  Respondent states that the prosecutor had to let the jury know
       why Dvorsky would not be there to testify.  Well petitioner's feels if that
17     is the case the prosecutor would of done the very same in co-defendant's
       Israel Sept's trial.  (citation to traverse omitted).  However she didn't
18     because the prosecutor felt petitioner was somehow responsible for what
       happened to Dvorsky which is untrue.
19
       2.      Trial judge denied petitioner his right to cross-examine
20     Israel Sept concerning the fact that Sept held petitioner responsible for
       Benny Campbell's death who was a very close friend of both petitioner
21     and Sept.  Well Sept knew & knows that petitioner was not responsible in
       anyway for their friend dying in an accidental house fire.  (emphasis in
22     original; citation to traverse omitted).

23         3.      Petitioner presented new evidence of 4 alibi witnesses who
       all can vouch for petitioner's whereabouts the night of the crime.  They
24     were never investigated or called to testify on petitioner's behalf.  They all
       can vouch that petitioner returned home to stay between 11-11:30 pm on
25     March 12th, 1998.  And this is during the time that Sept is committing the
       crime against Anthony Galati.  (citation to traverse omitted).  Also trial
26     lawyer failed to have Sept impeached with statements he gave to both

1   lawyer & defense investigator before trial.  Stating that petitioner was
    innocent of the crime petitioner is charged with.  Sept denied ever saying
2   this, so trial lawyer should of called defense investigator to have Sept
    impeached with ready and available evidence.  (emphasis in original;
3   citation to petition omitted).

4          4.      Evidence was given to show that March 13th, 1998 as
    being the night the crime occurred is false.  That in fact March 12th, 1998
5   is indeed the correct night as petitioner has clearly established in his
    habeas petition and traverse.  Due to what the prosecution Star Witness
6   has stated from the beginning all the way through to petitioners trial.
    (emphasis in original).  That he rented the motel room after Galati was
7   killed.  (citation to record omitted).  Even the prosecutor herself has stated
    in her opening statements, that the motel room was rented after Galati was
8   killed.  (citations to record and traverse omitted).  Which would push and
    prove that the crime had happened Mar. 12th while petitioner was home.
9   Please don't take petitioner's word for it, but give petitioners issue an
    independent review and let the record, evidence, and facts speak for
10  themselves.

11         At the outset, the court is not sure what evidence petitioner believes exists that

12  would support his claims.  Specifically, petitioner has not stated which facts were not considered

13  by the state court but would create a material dispute.  Moreover, and assuming for the moment

14  that petitioner meets all of the other requirements for a mandatory evidentiary hearing, the court

15  finds that petitioner has not demonstrated due diligence.  As to why evidence was not presented

16  to the state court, petitioner repeatedly states that his counsel was deficient for failing to present

17  the evidence.  He does not, however, describe with specificity any efforts to pursue the evidence

18  in the context of his state habeas petitions.

19         Based on the foregoing, the undersigned recommends that petitioner's motion for

20  an evidentiary hearing (Doc. 38) be denied.

21         These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

23  after being served with these findings and recommendations, any party may file written

24  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

25  / / /

26  / / /

3

1     Findings and Recommendations."  Failure to file objections within the specified time may waive

2     the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4     DATED:   June 6, 2007.

6     _____

      **CRAIG M. KELLISON**

7     UNITED STATES MAGISTRATE JUDGE